**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**GWENDOLYN CANNON,**

    Petitioner,

v.                                                          Case No.  8:06-cv-1052-T-30TBM

**JAMES R. McDONOUGH, JR., et al.,**

    Respondents.

# ORDER

THIS CAUSE comes before the Court upon the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus of Gwendolyn Cannon ("Petitioner" or "Cannon") (Dkt. #1), the Response of the State of Florida ("Respondent" or "State") (Dkt. #5), and Petitioner's Reply (Dkt. #8).  The Court having reviewed the briefs and the record determines that the petition should be denied because it does not meet the threshold requirements of 28 U.S.C. § 2254.

## Background

Based on an incident that occurred on June 6, 2003, Cannon was charged with aggravated battery with a deadly weapon, §784.045, Florida Statutes (2003), aggravated assault, §784.021, Florida Statutes (2003), and resisting arrest without violence, §843.02, Florida Statutes (2003).  Cannon pled not guilty, but a jury found her guilty of aggravated battery and aggravated assault and not guilty of resisting arrest without violence.  Cannon was sentenced to fifteen years imprisonment for aggravated battery and five years for aggravated assault, with the terms running concurrently.

Cannon filed a direct appeal of her convictions and sentences raising one issue:

Did the trial court err in denying appellant's motion for judgment of acquittal as to Count Two?

The Second District Court of Appeal of Florida affirmed *per curiam* on September 24, 2004.  Cannon v. State, 2004 Fla. App. Lexis 14109 (Fla. 2d DCA September 24, 2004).

On November 21, 2005, Cannon filed a motion for post-conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure.  She raised the following grounds:

(1) the trial court erred in denying her motion for judgment of acquittal as to aggravated assault;

(2) the trial court erred prejudicially in the self defense instructions;

(3) trial counsel was ineffective for failing to object to the chain being admitted into evidence; and

(4) trial counsel was ineffective for failing to investigate the serving of subpoenas for defense witnesses.

The trial court summarily denied the Rule 3.850 motion on November 28, 2005, and stated as follows:

> 1.  <u>The trial court erred by denying the Defendant's Motion for Judgment of Acquittal on the aggravated assault charge.</u>
>
> The Defendant claims the trial court erred when it denied her attorney's motion for judgment of acquittal on the aggravated assault count because there was insufficient evidence on that charge.
>
> The Defendant's Motion is denied.  The Defendant's claim raises an issue that could or should be raised on direct appeal, See Fla. R. Crim. P. 3.850(c).

      2.    <u>The Defendant was denied the effective assistance of counsel by counsel's failure to request a self-defense instruction.</u>

The Defendant contends counsel should have requested a self-defense instruction because she relied on self-defense at trial and there was conflicting evidence from witnesses as to the actions of the victim.

The Defendant's Motion is denied. As the attached transcription reflects, the court read the jury instruction for justifiable use of non-deadly force. (See attached Trial Tt., Vol 2, 199-202).

      3.    <u>The Defendant was denied effective assistance of counsel by counsel's failure to object to a chain being admitted into evidence.</u>

The Defendant contends that only the victim testified to being attacked by the Defendant with a chain and lock and none of the other witnesses saw the attack. The Defendant claims counsel should have objected to the chain's admission into evidence because the chain did not have her fingerprints on it and the blood found was not shown to be the victim's blood.

The Defendant's Motion is denied. The victim's testimony at trial that the chain and lock were used by the Defendant during the crime was sufficient evidence to support the admission of the chain and lock at trial. (See attached Trial Tr., vol. 2, 84-103). Defense counsel cannot be ineffective for failing to object to an issue that was without merit. <u>See</u> <u>Thornton v. State</u>, 767 So. 2d 1286, 1288 (Fla. 5th DCA 2000) (observing that testimony that gun was admissible in evidence even though testimony did not establish that the weapon was the one actually used in the crime). <u>See also</u> <u>Cole v. State</u>, 701 So. 2d 845, 855 (Fla. 1997) (affirming admission of evidence and noting that lack of blood or hair found on stick related to its weight rather than admissibility).

      4.    <u>The Defendant was denied the effective assistance of counsel by counsel's failure to investigate the service of subpoenas for defense witnesses.</u>

The Defendant claims counsel failed to investigate the service of subpoenas on some of the defense witnesses.

The Defendant's Motion is denied. The Defendant's claim is facially insufficient because she fails to allege how the failure of counsel to serve subpoenas on some witnesses not named by the Defendant prejudiced the outcome of the trial against her.

Order Denying Motion for Post Conviction Relief.

On January 27, 2006, Cannon appealed as to all grounds raised in her 3.850 motion. On May 10, 2006, the Second District Court of Appeal affirmed the lower court *per curiam*. Cannon v. State, 929 So.2d 1061 (Fla. 2d DCA 2006).

Cannon timely filed the instant federal petition for habeas relief on May 26, 2006. In her petition, Cannon asserts four claims for relief:

(1) The trial court erred in denying Petitioner's judgment of acquittal as to the aggravated assault charge;

(2) Ineffective assistance of counsel for failing to object to the charge of battery;

(3) Ineffective assistance of counsel for failing to object to the introduction of the chain into evidence; and

(4) Ineffective assistance of counsel for failing to investigate the serving of subpoenas for defense witnesses.

## **Discussion**

The Court will first address ground two since Respondent claims that ground is procedurally barred. The State correctly notes that this ground was not raised by Cannon in any of the state court proceedings. Cannon admits as much in her Reply and requests that claim two be withdrawn. Cannon's request is granted and claim two is deemed withdrawn. Had it not been withdrawn, it would in fact have been procedurally barred.

Cannon's remaining claims are not procedurally barred. Her first claim is that the trial court erred in denying Petitioner's judgment of acquittal as to the aggravated assault charge.

On federal habeas review, the question for this Court concerning the sufficiency of evidence in a state court proceeding is whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) (emphasis in original).

Cannon supports this claim by arguing that the trial court should have granted the judgment of acquittal as to aggravated assault "based on the fact that witness testified that petitioner never swung the board nor came towards him. OFC Armstrong contradicted this statement by saying he saw someone swinging the board at a white male. The crime of aggravated assault also has as an element, a threat to do violence with a deadly weapon, combined with an overt act to do that violence. Mere intention to do violence and opportunity to do so, is not enough without the accompanying overt act sufficient to demonstrate a threat directed towards the alleged victim not having that ability to carry up out (sic) since Brock was standing on the sidewalk while Petitioner was located in the middle of the road." (Petition, p. 6)

For a judgment of acquittal to be properly denied, however, it is not necessary that all facts favor the prosecution. "The simple fact that the evidence gives some support to the defendant does not demand acquittal." <u>Cosby v. Jones</u>, 682 F.2d 1373, 1383 n.21 (11th Cir. 1982). Here, the record is more than sufficient to support a denial of the judgment of acquittal. Three witnesses testified as to Cannon's actions. As described by the State:

> The victim testified that he was in fear. He was hit by Appellant several times with the bicycle chain. Minutes later Appellant returned with the four foot

long, two-by-four. The victim already had lacerations and cuts to his face and arms from the prior attack. He testified that Appellant yelled, "(c)ome on, white boy." Appellant was standing in front of the victim. Appellant pounded the two-by-four on the ground. She did not drop the weapon until she saw the police. The victim believed, based on her behavior with the board, that Appellant would hit him. Officer Armstrong stated that he saw a black person, with a "large two-by-four, four feet long, swinging it at somebody that was backing up and trying not to get hit with it." Officer Frangioni observed Appellant "holding a large board in a baseball stance like she was holding a baseball bat, and I saw Mr. Brock, who is the victim standing back like this, and it looked like the defendant was about to swing and hit him."

This evidence is sufficient to support a jury finding that Petitioner committed aggravated assault by intentionally and unlawfully threatening either by word or act to do violence to the victim, had the ability to carry out the threat, had created a well-founded fear in the victim that violence was about to take place, and committed the assault with a deadly weapon. Larkins v. State, 476 So.2d 1383, 1384 (Fla. 1st DCA 1985). Therefore, claim one must be denied.

In her third claim, Cannon contends that counsel was ineffective for failing to object to the introduction of the chain into evidence. In support of this claim, Cannon argues that there were no fingerprints found on the chain or lock. Further, "Petitioner states witness had possession of chain, witness states Petitioner had possession. Witness stated he was struck, but stated 'most likely', the blood was his. Witness identified the chain and lock so he should have been sure 'if' he was in fact hit by the Petitioner." (Petition, p. 9)

To establish a claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient, and that the deficient performance prejudiced the Petitioner. Strickland v. Washington, 466 U.S. 668, 684 (1984). A petitioner's case is

prejudiced when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The state trial court applied the appropriate federal constitutional standard from Strickland. As Petitioner acknowledges, the witness identified the chain and lock as the one used against him. It was therefore properly admitted into evidence. The state court properly denied this claim determining that counsel's performance was not deficient for failing to object where such an objection would have been without merit. Further, Petitioner does not even contend that she was prejudiced by the admission of the chain - that the result would have been different if only the chain had not been admitted into evidence. Based on the testimony of the eye witnesses and the victim, Petitioner was not prejudiced by the admission of the chain into evidence. Therefore, claim three will be denied.

In ground four, Cannon asserts that her counsel was ineffective for failing to investigate the serving of subpoenas for defense witnesses. In support of this claim, Cannon asserts "trial counsel did not follow up, investigate or find out whether all defense witnesses received subpoenas to appear." (Petition, p. 10)

Once again, Petitioner fails to carry her burden to show that counsel's performance was either deficient or prejudicial. Under the Strickland standard, as described above, to prevail on this claim, Petitioner must show both that her counsel's performance was deficient and that she was prejudiced, i.e. that the result of the trial would have been different had counsel performed differently. Here, Petitioner has shown neither of the two necessary prongs.

As the state court correctly noted, Petitioner has not shown that she gave any specific names to counsel for him to subpoena to trial, what those witnesses would have said, or how their testimony would have changed the outcome of the trial.  It appears from statements in the petition that Petitioner is referring to defense counsel subpoenaing other police officers who may have witnessed the events.  She does not say who these officers were, where they were standing, what they saw, or to what they would testify if called.  Two eye witness police officers did testify and their testimony was adverse to Petitioner.

Since Petitioner has failed to show that counsel's performance was deficient or that the outcome of the trial would have been different if these unnamed witnesses had been called, ground four fails.

It is therefore ORDERED AND ADJUDGED that:

1. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on July 10, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2006\06-cv-1052.deny 2254.frm